Mr. Justice ThacheR
delivered the opinion of the court.
In 1825 James Thompson made his will in South Carolina, and died in that state in 1830. By that will, among other bequests, he bequeathed certain slaves “ to Sally Swanzy, the wife of James Swanzy, to be for her sole and separate use, for and during the term of her natural life, and after her decease, to the lawful heirs of her body.” James Swanzy removed with his wife, family, and these slaves, to Mississippi, and after the decease of his wife, he sold one of the female slaves and her increase, to Crosby, the intestate of Stuart, administrator.
The main objection to the decree in the case is put upon the ground, that the heirs of Sally Swanzy cannot take as donees under the will. But a question in all respects similar to this, arising under the laws of South' Carolina, has already met a minute and careful examination in this court, in the case of Newell v. Newell, 9 S. & M. 56, which resulted in the conclusion, that in South Carolina, limitations of the kind found in this will, are not held to be too remote.
Secondly, it was not necessary, and would have been improper to have joined the two brothers of the complainant^ as parties *689 to the bill; for the allegations in the bill show that they had divested themselves of all interest in the slave and her increase, by uniting with James Swanzy in his sale to Crosby. These persons could have been compelled to have been made parties only upon the ground of possessing an interest in the subject, matter of the controversy. So, also, the very circumstance that they were not proper parties, and were not joined with the complainants, among other reasons, aided to constitute the jurisdiction of the chancery court complete over the matters made by the bill. Had they not have parted with their interest, perhaps the remedy might have been adequate at law; but certainly it required the peculiar powers of an equity tribunal to direct an account to be taken, and a division to be made of the fractional interests of the several complainants.
After the delivery of this opinion, the plaintiffs in error filed a petition for a re-argument, which was granted, the cause re-argued and again submitted, when
Mr. Justice Clayton
delivered the following opinion.
This was a bill filed to recover certain slaves under, and by virtue of the will of James Thompson, deceased, which purports to have been admitted to record in Spartanburg District, South Carolina. The sufficiency of the certificate upon which the will was read in the court below, is now called in question. That certificate was given by the judge of the court of ordinary, and states that the will was a true copy, as appears of record in his office. The act of congress directs that such certificate shall be made out by the clerk, if it be a judicial proceeding which is certified, or by the keeper of the records or books, which do not appertain to a court. H. & H. 791. In no case is it made the duty of the judge to give copies, and to certify to their correctness. As it is no part of his duty, his certificate is no compliance with the act of congress, and the paper was improperly received in evidence. The administrator in his answer disclaimed all knowledge of such will, and it therefore became incumbent upon the complainant to produce a copy in legal form. For want of the proper certificates of the 'officers, whose duty it was to *690 give the certificate and attestation, and for the want of any proof which could be received as a substitute for that which is required by the acts of congress on this subject, the decree must be reversed, and the cause remanded.
We have re-examined the will contained in the record, and see no reason to change the construction placed upon it, by the opinion of this court formerly delivered. On the contrary, we believe that construction to be correct. We repeat it now, that the case may be finally disposed of in the court below, if the will be produced in an unexceptionable form.
Decree reversed, and cause remanded.